be delivered without tires, in view of the fact that you had to equip the last one you sold with Firestone tires; we will therefore make a reduction covering the cost of a set of tires from the price of the car.''

CAVENDER, KAISER & WERMUTH,. for plaintiff in error.

BROWN, BROWN & BROWN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 224*—*how stipulation as to equipment of automobile construed.* Where a contract for the purchase of automobiles "fully equipped as per catalogue," and where a cut purporting to be a cut of the type of car contracted for which was printed in said catalogue shows a particular equipment of tires and rims, the cars tendered in performance of the contract must be similarly equipped, although the printed specifications for such cars in such catalogue do not require such equipment, the cuts being as much part of the catalogue as the specifications.

2. CONTRACTS, § 387*—*when evidence insufficient to show performance.* In an action to recover back money paid under a contract for automobiles "fully equipped as per catalogue," where plaintiff refused to accept cars tendered in performance of the contract on the ground that such cars were not as required by the contract, evidence *held* insufficient to show that the cars tendered were equipped as required by the contract.

---

B. J. Grogan, Defendant in Error, v. Consumers Company, Plaintiff in Error.

Gen. No. 21,163.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by B. J. Grogan, plaintiff, against the Consumers Company, a corporation, defendant, in the Municipal Court of Chicago to recover damages caused to an automobile by the negligence of a servant of defendant while driving a wagon. Plaintiff was driving east on Jackson boulevard, and defendant's wagon was going east on Loomis street. The tongue of the wagon struck the automobile and inflicted the damage complained of. To reverse a judgment for plaintiff of $96.25, defendant prosecutes this writ of error.

McKINLEY & HANSEN, for plaintiff in error.

P. J. TUOHY, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

AUTOMOBILES AND GARAGES, § 2*—*when evidence supports findings as to negligence.* In an action to recover for injury to plaintiff's automobile alleged to have been caused by negligence of the driver of defendant's wagon, evidence *held* to sustain a finding that plaintiff was not guilty of contributory negligence and that defendant's driver was negligent.

---

## L. W. Hubbell Fertilizer Company, Defendant in Error, v. D. Jacobellis, Plaintiff in Error.

### Gen. No. 21,184.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915. Rehearing denied December 20, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.